JACOB ESTEY v. WILLIAM HARMON.

An action on a replevin bond based upon a lawful judgment cannot be defeated on the ground that the judgment was entered by consent.

Error to Ingham. Submitted April 11. Decided April 24.

DEBT ON BOND. Defendant brings error.

M. V. & R. A. Montgomery for plaintiff in error.

Q. A. Smith for defendant in error.

GRAVES, J. This action was brought against Estey as surety in the replevin bond given by one Nestle in a suit by the latter against Harmon. In that case the jury returned a general verdict in favor of Harmon, but instead of entering judgment in legal accordance with this finding, the court determined, as we view the record, that the general title to the property was in the plaintiff, and that the defendant had a lien upon it amounting to $167.50, and being less than the value of the property, and thereupon on motion of the attorneys for the defendant and by the consent of the attorneys for the plaintiff

gave judgment that the defendant should recover of the plaintiff the amount of said lien with costs.

It is objected that this judgment was not in substance the determination of the tribunal, but was in essence and effect the mere embodiment of a side bar arrangement of attorneys in the form of a judgment; that the result was not attained or aided by judicial consideration and hence is not one competent to bind the plaintiff in error as surety in the replevin bond. We cannot concur in this view.

We are compelled to act upon the record as we find it, and are not at liberty to listen to extrinsic statements or explanations which alter or impugn it, and upon its face the entire matters leading to the final order for recovery appear to have been ascertained and settled by the court, including the amount of defendant's lien, whilst this order seems to have been made on the motion of the attorneys for defendant and upon the assent of the attorneys for the plaintiff. All the materials for the judgment appear to have been ascertained by the court in a lawful mode and the final result is not perceived to be illegitimate.

The judgment must be affirmed with costs.

The other Justices concurred.